(No. 3104—

BERTHA S. ERRION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1937.*

CHARLES G. DICKMAN and LONDON MIDDLETON, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

As no conflict of facts could apparently exist in this cause, a stipulation has been entered into between claimant and respondent, wherein it appears that Oscar Errion had been employed by the State of Illinois from December 21, 1935 up to the time of his death as a laborer in the Division of Highways; that during the period from January 29, 1936 to January 29, 1937 he was steadily employed and received as total wages, the sum of Nine Hundred Ninety-two ($992.00) Dollars; that on the latter date he was working with a maintenance crew repairing the highway known as U. S. Route No. 24 in the Village of Bartonville, Illinois; that while working inside of the barricades adjacent to one-way traffic and while engaged in applying a patent asphalt patch to the pavement, the flames therefrom flared up and as deceased stepped backwards he slipped and fell beneath a hot asphalt kettle trailer, which was being pulled by another state truck along the one-way traffic lane. The dual wheels of the trailer passed over his body from the right knee upward and over the right shoulder. The injured employee was removed to his home and from there to the St. Francis Hospital at Peoria, where he remained until he died on February 22, 1937. Dr. Trewyn, in making a formal report of the patient's condition, stated, ''Nature of injury, 'comminuted fracture right Clavicle with large hematonia fracture, right Clavicle, with large hematonia fracture, right Ischium—Cerebral Emboli, 2/8/37, from which patient did not recover. Died, February 22, 1937.' ''

Respondent paid all hospital and doctor bills amounting to Five Hundred Twenty-one and 36/100 ($521.36) Dollars.

The deceased employee was married but had no children under the age of sixteen years at the time of his death. If an award is due it is conceded that under Section 7 (a) of the Workmen's Compensation Act the amount would be a sum equal to four times the average annual earnings of the employee, but not less in any event than Two Thousand Five Hundred ($2,500.00) Dollars, and not more in any event than Four Thousand ($4,000.00) Dollars, which in this case would entitle her to Three Thousand Nine Hundred Sixty-eight ($3,968.00) Dollars.

As the claim was filed on June 1, 1937, being within six months of the date of the accident, the only question that is presented by the record is, did deceased's death result from such accident? The medical report, referred to in the stipulation, shows that ten days after the accident of January 29th, Oscar Errion had a Cerebral Emboli, from which he did not recover. Such report also shows the various fractures and injuries which at the time necessitated his presence in the hospital, and it further shows that he died February 22, 1937. The record discloses that the wheels of the truck crushed and fractured the employee's right pelvic bone, his right collar bone and that he suffered internal injuries. Nothing appears in the record to indicate in any way that the injured employee was suffering from any other ailment or physical condition that might have contributed to his death, and medical experience has shown conclusively that Emboli frequently results in the case of a fracture and consequent injury to the circulatory system. There is no doubt in the court's mind that claimant is entitled to an award, under the terms of the Workmen's Compensation Act. Such conclusion is supported by the ruling in the Lunighi Coal Co. case, wherein the court held:

"Where an employee receives injuries to his chest, fractures a rib and the sternum, soon develops pneumonia and dies before his injuries heal, an award in favor of the dependents for the full amount allowed by statute is proper, although the attending physicians testify that the injuries alone would not have produced death." *The Lunighi Coal Co.* vs. *Industrial Commission*, 305 Ill. 475.

Claimant, Bertha S. Errion, is the surviving wife of said Oscar Errion. An award is hereby made in her favor for a sum equal to four times the average annual earnings of said

Oscar Errion or Three Thousand Nine Hundred Sixty-eight ($3,968.00) Dollars, being four times the average annual earnings which the injured employee received as wages during the year next preceding his injury, as provided under Section 7 (a) of the Workmen's Compensation Act. On the basis of his annual earnings, claimant's average weekly wage amounted to Nineteen and 07/100 ($19.07) Dollars, and payments of Fifty (50) Per Cent thereof would entitle the recipient to the sum of Nine and 53/100 ($9.53) Dollars per week. The amount of Four Hundred Thirty-eight and 38/100 ($438.38) Dollars has accrued as earned compensation for forty-six (46) weeks from the date of the injury to the 17th day of December, A. D. 1937, and claimant is therefore entitled to payment at this time in the sum of Four Hundred Thirty-eight and 38/100 ($438.38) Dollars with future monthly payments to be made to her on the basis of Nine and 53/100 ($9.53) Dollars per week for three hundred seventy (370) weeks until the further sum of Three Thousand Five Hundred Twenty-six and 10/100 Dollars has been paid to her, with an additional final payment of Three and 52/100 ($3.52) Dollars, making a total of Three Thousand Nine Hundred Sixty-eight ($3,968.00) Dollars for which an award is hereby entered in favor of claimant, Bertha S. Errion; such future payments being subject to the terms of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is hereby retained for the purpose of making such further orders as may from time to time be necessary herein.

This award being subject to the provisions of an Act entitled ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' Approved July 3, 1937 (Sess. Laws 1937, p. 83) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the Road Fund in the manner provided for in such Act.